**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
-----------------------------------------------

**Ollie W Wood**

**Plaintiff**                                        **Case No._____**

**vs.**

**Professional Debt Mediation, Inc.; and**
**Encore Haven, LLC**

**Defendants.**

-----------------------------------------------

## <u>COMPLAINT</u>

1.     Encore Haven LLC is a Georgia limited liability company with a principal office address of 655 Engineering Drive, Suite 265, Peachtree Corners, GA, 30092.

2.     Professional Debt Mediation, Inc. is a Florida corporation with a registered agent of CSC Corporation Service Compan at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

3.   Plaintiff signed a lease with Encore Haven, LLC ("Encore") to commence on September 17, 2022, for a rent of $2,163 per month with a security deposit of $2,000 for 7710 Hansel Lane #30, Lithonia, GA 30058.

4.   The lease was terminated in August 2023.

5.   While trying to purchase a home in early 2024, Plaintiff learned that a debt was falsely being reported by Professional Debt Mediation, Inc. ("PDM") on her credit for $7,182.

6.   PDM was reporting on behalf of the landlord Encore Haven, LLC ("Encore") beginning March 8, 2024.

7.   The reporting of the debt caused Plaintiff emotional distress as it was negatively impacting her ability to purchase a home.

8.   Indeed, her mortgage broker told her that she couldn't purchase a home because of this negative account.

9.   The debt is composed of July and August rent for $2,163 each. See Exhibit A.

10.   The debt is also composed of a late fee for July and August of $216.30 each.

11.   The debt is also composed of a Dispo/Dismissal/DOA/Admin charge of $655.

12.   Plaintiff believes that this charge is related to the fees incurred in bringing the dispossessory action.

13.   The debt is also composed of damages to the apartment in the amount of $3,768.

14.    On July 11, 2023, a dispossessory action was brought against Ollie Wood seeking $3,034.30 in rent for the month of July; rent accruing up to the date of judgment or vacancy at the rate of $2,163.60 per month; and a $216.30 late fee and a $655 dispo, DOA, dismissal admisinstrative fee, occupancy check. See Exhibit B.

15.    As a result of a dispossessory proceeding, Plaintiff entered into a consent agreement with her landlord which was filed with the Court on August 8, 2023. See Exhibit C.

16.    The agreement stated that Plaintiff would pay $3,667.10 to resolve the action and this would include the payment of rent through August 18, 2023, and she will vacate at that time.

17.    It was agreed that the Plaintiff would pay $3,667.10 and would no longer be liable for any rent or rent related charges emanating from her lease.

18.    Thus, July and August rent, July and August late fees and the dispo fee were subsumed into the $3,667.10 balance.

19.    On information and belief, Plaintiff paid $1,667.10 and used her $2,000 security deposit to pay the balance.

20.    Despite this, Defendant is attempting to collect $5,413.60 in rent related charges without noting that these charges were subsumed into a consent agreement and Plaintiff paid those charges.

21.    Under OCGA 44-7-35(b) "**The failure of a landlord to provide the lists and written statements within the time periods specified in Code Section 44-7-34 shall work a forfeiture of all the landlord's rights** to withhold any portion of the security deposit or **to bring an action against the tenant for damages to the premises**."

22.    Under OCGA 44-7-34 " In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement identifying the exact reasons for the retention thereof, which shall include the comprehensive list of damages prepared as required by Code Section 44-7-33, if the reason for retention is based on damages to the premises."

23.    No such comprehensive list of damage done to the premises was compiled and provided as required by 44-7-33, thus Defendant lost the ability to seek payment for Plaintiff's alleged damage to the premises.

24.    In addition, Plaintiff disputed that she damaged the home.

25.    She did not damage the home beyond normal wear and tear.

26.    There was no negligence, carelessness, accident, or abuse of the premises by the tenant or members of his or her household or their invitees or guests.

27.    Plaintiff disputes that he damaged the premises beyond ordinary wear and tear which occurred as a result of the use of the premises for the purposes for which the premises were intended.

28.    Alternatively, the charges are inflated and do not represent the value that Plaintiff damaged the home.

### FDCPA Violation against Professional Debt Mediation, Inc. ("PDM")

29.    PDM violated the FDCPA by falsely representing the character, amount, and legal status of the Debt, see 15 U.S.C. § 1692e(2).

30.    PDM violated the FDCPA by reporting a debt to Plaintiff's credit when it knew or should have known that the information was false see 15 U.S.C. § 1692e(8).

31.    PDM used false representations in connection with the collection of a debt, see § 1692e(10).

32.    PDM attempted to collect a debt amount not expressly authorized by agreement or law, see id. § 1692f(1).

33.    PDM is liable for actual damages, statutory damages, attorney's fees and costs.

### 10-1-399 Fair Business Practices Act against PDM and Encore

34.    Because PDM violated the FDCPA it also violated the FBPA.

35.    Encore violated the FBPA because it attempted to collect the same charges through PDM after they had been subsumed into a consent agreement as noted above.

36.     Plaintiff wrote a letter 30-days prior to the filing of this lawsuit to PDM and Encore in an attempt to resolve this case but they have not responded. See Exhibit D.

37.     PDM's violation of the FBPA was intentional.

38.     PDM is liable for three times the actual damages.

39.     PDM is liable for exemplary damages.

**FCRA Violation against PDM**

40.     PDM reported a debt for $7,181.60 to the credit reporting agencies Trans Union, Equifax and Experian.

41.     Plaintiff disputed the debt to the credit reporting agencies. See Exhibit D.

42.     The credit reporting agencies notified PDM of the dispute.

43.     As noted, the debt is false because it seeks to collect on charges already subsumed into the consent agreement.

44.     The debt is false because it seeks to collect damages to the apartment when those are not allowed by law as noted above because lists were not provided.

45.     PDM did not conduct a reasonable investigation into Plaintiff's dispute rather PDM just noted that Encore claimed Plaintiff owed the debt in addition to the consent agreement and it was authorized to collect the debt on behalf of Encore.

46.     PDM did not review the information provided in the dispute because otherwise it would have deleted the tradeline or at the very least adjusted the balance to take into account the consent agreement.

47.     The debt was inaccurate and therefore needed to be deleted.

48.     At the very least the debt cannot be verified and therefore the tradeline should have been deleted.

49.     PDM kept the tradeline in order to coerce Plaintiff to pay a debt that she did not owe. See Exhibit E.

50.     PDM's violation was willful.

51.     Plaintiff is entitled to actual damages, punitive damages, costs and attorney's fees.

Dated: February 20, 2025

By: /s/ Shimshon Wexler
GA Bar No. 436163
S Wexler, LLC
2244 Henderson Mill Rd. Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

# Exhibit A

EXHIBIT A


ENCORE

09/01/2023

Ollie W. Wood
7710 HANSEL LANE #30
Lithonia, GA 30058

Re: 7710 HANSEL LANE #30
Lithonia, GA 30058
**Security Deposit Statement**

Dear Ollie W. Wood:

Enclosed please find an itemized list of charges. Based on these charges, you have a balance due of $7,181.60.

## Credits

| | |
|---|---|
| Mgmt Held Security Deposits | $2,000.00 |
| **Total Credits** | **$2,000.00** |

## Charges

| | |
|---|---|
| July 2023 | $2,163.00 |
| Late Fee for Jul 2023 | $216.30 |
| Dispo/Dismissal/DOA/Admin | $655.00 |
| August 2023 | $2,163.00 |
| Late Fee for Aug 2023 | $216.30 |
| Paint Walls | $3,000.00 |
| Replace Original Doorbell | $100.00 |
| Clean Oven | $50.00 |
| Clean Toilet | $31.00 |
| Clean Carpet | $150.00 |
| Clean Tub/Shower | $62.00 |
| Clean tub/shower | $75.00 |
| Trash Out | $300.00 |
| **Total Charges** | **$9,181.60** |

| | |
|---|---|
| **Amount Due** | **$7,181.60** |

# Exhibit B

MAGISTRATE COURT OF DEKALB COUNTY, STATE OF GEORGIA

**DISPOSSESSORY WARRANT**

EXHIBIT B

23D18698

ENCORE MANAGEMENT
655 ENGINEERING DRIVE SUITE #310
PEACHTREE CORNERS GA 30092 470-265-3433

**EXPEDITED**

**VS**

OLLIE W WOOD , , , , ,
AND ALL OTHER OCCUPANTS
7710 HANSEL LANE
LITHONIA GA 30058

**CASE #**

| Attorney: |
| c2c/ENCORE MANAGEMENT |
| Evict # |

Personally appeared the undersigned who upon oath says that he is **AGENT** for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County

**FURTHER:**
TENANT FAILS TO PAY THE RENT WHICH IS NOW DUE;POSSESSION;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of $3034.30 for the month(s) of JULY;
(b) rent accruing up to the date of judgment or vacancy at the rate of $2163.00 per month
(c) Other: $ - $216.30 LATE FEE$655.00 DISPO, DOA, DISMISSAL, ADMINISTRATIVE FEE, OCCUPANCY CHECK

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.

**Affiant:** /s/ENCORE HAVEN LLC        7/11/2023

**SUMMONS**

**TO THE MARSHAL** of the State Court of DeKalb County or his lawful deputies, GREETINGS:
The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons(or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means in front of a deputy clerk). If such answer is not made to said affidavit on or before the ___ day of _____, 2023, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.
**WITNESS,** the Honorable Judges of said Court

**PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE**
I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same;
( ) PERSONALLY ( ) DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
( ) NOTORIOUSLY to a person sui juris residing on the premises (NAME) _____ Age____ Wt.____ Ht.____
( ) TACK & MAIL By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: July 16 2023

**Professional Process Server:**

MAGISTRATE COURT OF
DEKALB COUNTY, GA.
7/11/2023 5:50 PM
FILED
BY: Sebrina G. Franklin

# Exhibit C

**IN THE STATE/MAGISTRATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ENCORE MANAGEMENT | * | **DISPOSSESSORY PROCEEDING** |
| LANDLORD (Plaintiff). | * | |
| | * | Civil Action |
| | * | File No: 23D18698 |
| vs. | * | |
| | * | FILED IN OFFICE, THIS 8 |
| | * | DAY OF August , 20 23 |
| OLLIE W WOOD AND ALL OTHER OCCUPANTS | * | |
| TENANT (Defendant). | * | |
| | * | DEPUTY CLERK |

**CONSENT AGREEMENT**

This case was mediated on the ___8___ day of ___August___ , 20 _23_ and it appearing that the parties have resolved this matter through mediation, it is hereby ordered, pursuant to the request of the parties, that the case be removed from adjudication by the Court and further that the agreement reached by the parties be made a judgment of the Court, NOW THEREFORE:

The parties agree that the Plaintiff(s) is entitled to a WRIT OF POSSESSION and judgment against Defendant(s) in the amount of $ 3,677.10 rent for the following period: through August 18, 2023

**The parties have agreed as follows:**

Tenant owes Landlord a total of $3,667.10 which will be paid in full on or before August 31, 2023 to the office at the residence via certified funds. Tenant will vacate on or before August 18, 2023 at 11:59 pm.

**WHEREFORE**, the parties agree that a WRIT OF POSSESSION will be issued:

(   )    Instanter    ( ✔ )    On August 19, 2023

(   )    Upon defendant's failure to pay Plaintiff $_____ on or before _____ , 20_____ . _____ and upon sworn application by the Landlord that said rent is unpaid.

FURTHER AGREED THAT: (Applicable only if space is checked).

( ✔ )    Plaintiff recovers judgment against Defendant (name) OLLIE W WOOD in the amount of $ 3,677.10 plus $ 0.00 court costs and interest as allowed by the law as shall accrue hereafter.

(   )    Plaintiff be paid $_____ and Defendant be paid $_____ being held in the Court registry.

(   )    Defendant (name) _____ recovers judgment against Plaintiff in the amount of $_____ .

No judgment and no FiFa will issue and no garnishment or other action will be taken on said consent agreement as long as payments are timely paid, as ordered.

_____ / _____    **MEDIATED AGREEMENTS CANNOT BE APPEALED.**
Landlord Initials    Tenant Initials

*JB*      *OW*      So Ordered this ___8___ day of ___August___ , 20 _23_ .
JB      KW

*K. Tyler Edgerton*

Consented to:

Judge, State Court of DeKalb County
(by designation)

*Jacquelyn Boyd*
Jacquelyn Boyd (Aug 8, 2023 11:32 EDT)
Landlord (Plaintiff)

*Ollie Wood*
Keenyau Wood (Aug 8, 2023 11:33 EDT)
Tenant (Defendant)

# Form A

Final Audit Report                                                2023-08-08

| | |
|---|---|
| Created: | 2023-08-08 |
| By: | Casey Davis (info@leighadr.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA53a3qVAbqtMKvdQag-fh6AuPzMqpFxc1 |

## "Form A" History

Document created by Casey Davis (info@leighadr.com)
2023-08-08 - 3:28:18 PM GMT- IP address: 108.93.150.11

Document emailed to jboyd0505@gmail.com for signature
2023-08-08 - 3:30:09 PM GMT

Email viewed by jboyd0505@gmail.com
2023-08-08 - 3:30:15 PM GMT- IP address: 66.249.83.4

Signer jboyd0505@gmail.com entered name at signing as Jacquelyn Boyd
2023-08-08 - 3:32:14 PM GMT- IP address: 172.56.67.231

Document e-signed by Jacquelyn Boyd (jboyd0505@gmail.com)
Signature Date: 2023-08-08 - 3:32:16 PM GMT - Time Source: server- IP address: 172.56.67.231

Document emailed to Keenyau Wood (keenyau@gmail.com) for signature
2023-08-08 - 3:32:18 PM GMT

Email viewed by Keenyau Wood (keenyau@gmail.com)
2023-08-08 - 3:32:20 PM GMT- IP address: 66.249.89.35

Document e-signed by Keenyau Wood (keenyau@gmail.com)
Signature Date: 2023-08-08 - 3:33:42 PM GMT - Time Source: server- IP address: 75.60.7.8

Document emailed to K. Tyler Edgerton (ktedgerton@dekalbcountyga.gov) for signature
2023-08-08 - 3:33:43 PM GMT

Email viewed by K. Tyler Edgerton (ktedgerton@dekalbcountyga.gov)
2023-08-08 - 3:42:24 PM GMT- IP address: 104.47.65.254

Document e-signed by K. Tyler Edgerton (ktedgerton@dekalbcountyga.gov)
Signature Date: 2023-08-08 - 3:43:43 PM GMT - Time Source: server- IP address: 63.170.23.4

**Adobe Acrobat Sign**

✅ Agreement completed.
2023-08-08 - 3:43:43 PM GMT

Adobe Acrobat Sign

# Exhibit D

Ollie W Wood

819 Witherspoon Ct

McDonough, GA 30253

229-355-0390

DOB 10/20/1971

Re: Account with Professional Debt Mediation, Inc. – Balance Due $7,181.60- Account No. 12901-0066

Dear Company,

1-The account being reported on my credit report with Professional Debt Mediation for $7,181.60 is false. Please remove the account from my credit report.

2-On July 23, 2023, a dispossessory warrant was issued against me for July 2023 rent and rent accruing up to the date of judgment, a late fee of $216.30 and a $655 dispo, doa, dismissal, administrative fee, occupancy check. See Exhibit A.

3- On August 8, 2023, the parties resolved the dispossessory warrant with a consent agreement where I agreed to pay $3,667.10 by August 31, 2023 and vacate the house on or before August 18, 2023. See Exhibit B.

4- OCGA § 44–7–55(a) provides that "judgment [in a dispossessory action] shall be entered against the tenant for all rents due and for any other claim relating to the dispute."

5- Therefore, attempting to collect July and August rent as well as late fees and the dispo charge is barred by res judicata.

6- I used my $2,000 security deposit and paid $1,667.10 to fulfill the consent agreement leaving me with a 0 balance.

7- Despite this Encore Management through Professional Debt Mediation is attempting to collect this balance again and trying to collect more by claiming I owe July and August 2023 rent of $2,163 each, 2 late fees for July and August 2023 of $216.30 and a dispo/dismissal/doa /admin fee of $655.30.

8- In addition, I did not damage the apartment beyond normal wear and tear, so all the damages charges are false such as the paint walls for $3,000 and all the rest of the charges.

9- In addition OCGA 44-7-35(b) states that "The failure of a landlord to provide the lists and written statements within the time periods specified in Code Section 44-7-34 shall work a

forfeiture of all the landlord's rights to withhold any portion of the security deposit or **to bring an action against the tenant for damages to the premises**."

10- OCGA 44-7-34 states that "In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement identifying the exact reasons for the retention thereof, which shall include the comprehensive list of damages prepared as required by Code Section 44-7-33, if the reason for retention is based on damages to the premises."

11- No comprehensive list of damages was compiled or sent to me. In addition, you have not provided any proof that my alleged damage to the premises caused this damage or that you actually paid this amount.

12- I am trying to purchase a house, please remove this account from my credit report.

13- Please call me with any questions.

14- This serves as a pre-suit notice under OCGA 10-1-399 and I seek $50,000 in damages.

Thank you,

Ollie W Wood

To:

Equifax Information Services, LLC P.O. Box 740256 Atlanta, GA 30374-0256

Experian P.O. Box 4500 Allen, TX 75013

TransUnion Consumer Solutions P.O. Box 2000 Chester, PA 19016

Encore Haven LLC, 655 Engineering Dr., ste 265 Peachtree Corners, GA, 30092

Ieena, ho, 655 Engineering Dr., ste 265 Peachtree Corners, GA, 30092

Liang Yongfeng, 655 Engineering Dr., ste 208 Peachtree Corners, GA, 30092

Professional Debt Mediation, Inc., 8657 Baypine Rd., Ste 201, Jacksonville, FL 32256

Encore Management, 655 Engineering Dr. Ste 310, Peachtree Corners, GA 30092

MAGISTRATE COURT OF DEKALB COUNTY, STATE OF GEORGIA
**DISPOSSESSORY WARRANT**

ENCORE MANAGEMENT
655 ENGINEERING DRIVE SUITE #310
PEACHTREE CORNERS GA 30092 470-265-3433

23D18698

**EXPEDITED**

**CASE #**

VS

OLLIE W WOOD , , , , ,
AND ALL OTHER OCCUPANTS
7710 HANSEL LANE
LITHONIA GA 30058

Attorney:
c2c/ENCORE MANAGEMENT
Evict #

Personally appeared the undersigned who upon oath says that he is **AGENT** for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County

**FURTHER:**
TENANT FAILS TO PAY THE RENT WHICH IS NOW DUE;POSSESSION;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makesthis affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of $3034.30 for the month(s) of JULY;
(b) rent accruing up to the date of judgment or vacancy at the rate of $2163.00 per month
(c) Other: $ - 216.30 LATE FEE$655.00 DISPO, DOA, DISMISSAL, ADMINISTRATIVE FEE, OCCUPANCY CHECK

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.
Affiant: /s/ENCORE HAVEN LLC     7/11/2023

**SUMMONS**
TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:
The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons(or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means in front of a deputy clerk). If such answer is not made to said affidavit on or before the ___ day of _____, 2023, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.
WITNESS, the Honorable Judges of said Court

**PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE**
I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same;
( ) PERSONALLY ( ) DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
( ) NOTORIOUSLY to a person sui juris residing on the premises (NAME) _____ Age____ Wt.____ Ht.____
( ) TACK & MAIL By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: July 16 2023

*EXHIBIT A*

**Professional Process Server:**

MAGISTRATE COURT OF
DEKALB COUNTY, GA.
7/11/2023 5:50 PM
FILED
BY: Sebrina G. Franklin

**IN THE STATE/MAGISTRATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ENCORE MANAGEMENT
_____
LANDLORD (Plaintiff).

vs.

OLLIE W WOOD AND ALL OTHER OCCUPANTS
_____
TENANT (Defendant).

\* **DISPOSSESSORY PROCEEDING**
\*
\* Civil Action
\* File No: 23D18696
\*
\* FILED IN OFFICE, THIS 8
\*
\* DAY OF August , 20 23
\*
\* DEPUTY CLERK

**CONSENT AGREEMENT**

This case was mediated on the 8 day of August , 20 23 and it appearing that the parties have resolved this matter through mediation, it is hereby ordered, pursuant to the request of the parties, that the case be removed from adjudication by the Court and further that the agreement reached by the parties be made a judgment of the Court, NOW THEREFORE:

The parties agree that the Plaintiff(s) is entitled to a WRIT OF POSSESSION and judgment against Defendant(s) in the amount of $ 3,677.10 rent for the following period: through August 18, 2023

**The parties have agreed as follows:**

Tenant owes Landlord a total of $3,667.10 which will be paid in full on or before August 31, 2023 to the office at the residence via certified funds. Tenant will vacate on or before August 18, 2023 at 11:59 pm.

**WHEREFORE**, the parties agree that a WRIT OF POSSESSION will be issued:

( ) Instanter ( ✔ ) On August 19, 2023

( ) Upon defendant's failure to pay Plaintiff $_____ on or before _____, 20_____ and upon sworn application by the Landlord that said rent is unpaid.

FURTHER AGREED THAT: (Applicable only if space is checked.)

( ✔ ) Plaintiff recovers judgment against Defendant (name) OLLIE W WOOD in the amount of $ 3,677.10 plus $ 0.00 court costs and interest as allowed by the law as shall accrue hereafter.

( ) Plaintiff be paid $_____ and Defendant be paid $_____ being held in the Court registry.

( ) Defendant (name) _____ recovers judgment against Plaintiff in the amount of $_____.

No judgment and no FiFa will issue and no garnishment or other action will be taken on said consent agreement as long as payments are timely paid, as ordered.

_____ / _____ **MEDIATED AGREEMENTS CANNOT BE APPEALED.**
Landlord Initials    Tenant Initials

JB          KW

So Ordered this 8 day of August , 20 23 .

_K. Tyler Edgerton_

Judge, State Court of DeKalb County
(by designation)

Consented to:

_Jacquelyn Boyd_
Jacquelyn Boyd (Aug 8, 2023 11:32 EDT)
Landlord (Plaintiff)

_Ollie Wood_
Tenant (Defendant)

Exhibit B

# Exhibit E

# THE WALL STREET JOURNAL.

Personal Finance

# Landlords Have a New Hardball Tactic: Tanking Your Credit Score

Disputes over rent are playing out through negative marks on credit reports, rather than in courts

***By Caitlin Ostroff and Imani Moise | Photographs by Whitney Curtis for WSJ***
Feb 15, 2025 09:00 p.m. ET

Landlords are turning to a hardball tactic to go after their tenants in rent disputes: tanking their credit scores.

When David Murray moved out of his St. Louis apartment two months early, he thought he had settled up by giving notice. So when he received a bill for $4,500 for two months rent plus penalties, he assumed there was a mistake. Then his credit score fell from a near-perfect 815 to a low of 630.

The landlord had hired a debt collector to go after the alleged arrears. The collection agency didn't harass or sue him. It filed a claim with the credit bureaus.

"I asked them to please take me to small-claims court, and they've never contacted me," he said.

Landlords say targeting credit scores, with the help of debt collectors, has proven more efficient than endless phone calls or drawn-out legal battles. Rental debt is now one of the most common topics of complaints related to debt collection, according to Consumer Financial Protection Bureau data.

In targeting credit scores, landlords recognized their centrality to American life. The three-digit numbers are important not just for helping lenders decide whether to extend loans, but also for helping landlords decide whether to rent apartments. The credit-scoring industry has made a recent push to include on-time rental payments in credit scores, saying it will lift some scores. But credit reports are quick to reflect negative marks, too.

Consumer advocates say that shifting rent disputes from the courtroom to the credit-reporting system gives landlords unchecked power. Rent cases historically account for more than half of all small-claims disputes. But unlike in court—where both sides present evidence and argue their

case—credit reporting allows landlords and debt collectors to act as both judge and jury.

Landlords say that one of the few ways to penalize people who owe them is to report unpaid rent to credit bureaus, such as Experian, Equifax and TransUnion. Since 2017, bureaus haven't put unpaid-rent judgments from small-claims courts on credit reports, said Alexandra Alvarado, director of marketing and education at the American Apartment Owners Association. This makes it harder for landlords to screen unreliable tenants.

"It seems like there really isn't a consequence for getting evicted," she said. "It's quite frustrating for landlords."

So some landlords have taken to hiring collection agencies to report unpaid rent—often at the cost of about 30% of recovered funds, Alvarado said.

For renters, the impact can be devastating. People can only review the data included in their credit reports once published. That means they can't correct errors until their scores have already fallen. The threat of credit damage often pressures tenants to pay debts they believe are unfair.

Murray paid up once before. In 2019, his daughter faced a similar dispute. Her landlord claimed she failed to give proper notice before moving out at the end of her lease, charging her two months' rent after her departure.

Initially, she planned to fight. But her credit score dropped by so much that she struggled to secure another apartment. Eventually, Murray settled the debt on her behalf.

When it happened again in 2022, he didn't want to give in. Murray said he had documents showing he met the lease terms. He disputed the report, but credit bureaus rejected his claim after 19 days. He had thought the credit bureaus would ask him for his evidence, but they didn't.

A spokesman for Murray's apartment complex said he didn't follow proper procedures for early termination and owed it $4,500.

Murray's score remains in the low 700s.

When a consumer disputes an item on a credit report, credit bureaus ask the creditor or debt collector to verify the information.

Credit bureaus can remove accounts from credit reports if they have factual evidence—such as a copy of a legal judgment—proving that the information is incorrect.

The industry doesn't see itself as an arbiter between parties who disagree, according to the Consumer Data Industry Association, a trade group representing credit bureaus.

Debt collectors often take the landlords at their word. And they rarely review evidence from tenants who challenge the claims, court documents show.

As one debt collector said in a 2021 deposition about the landlords she works for: "If the client says it's correct, then it's correct."

Consumer advocates say they are seeing landlords use credit reports as leverage, even after courts rule they aren't owed any money.

"The debt collectors know and the landlords know, when you report that debt, no other landlord is going to rent to you," said Ingmar Goldson, a Maryland-based consumer-protection lawyer who has been increasingly working on credit disputes.

Sometimes, the consequences of credit-report feuds linger long after the matters are settled.

When Bre-Ana Garland's landlord sued her for unpaid rent, a Baltimore judge dismissed the case, saying she didn't have to pay because the landlord illegally rented out the property. That didn't stop the landlord from hiring a collection agency to put the alleged debt on her credit report.

Garland sued to try to get it removed. At the time, she and her three children were living at a Ramada Inn, unable to find housing because of the damage to her credit score, according to legal filings.

The court eventually sided with her, and the debt was removed from her credit report. But the dispute left her with little savings, and she struggled to find housing. A judge ordered the debt collector, Fidelity Creditor Service, to pay Garland more than $100,000 after it refused to respond to the lawsuit properly.

The company didn't respond to the order either. Garland hasn't received the money.

Fidelity Creditor Service didn't respond to requests for comment.

Write to Caitlin Ostroff at caitlin.ostroff@wsj.com and Imani Moise at imani.moise@wsj.com