IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| OLLIE WOOD, | ) |
|         Plaintiff | ) |
| v. | ) |
| | ) Case No. 1:25-cv-00908-MHC-JEM |
| PROFESSIONAL DEBT MEDIATION, INC. | ) |
| and ENCORE HAVEN, LLC, | ) |
|         Defendants. | ) |

**Motion to Set Aside Default**

Defendant Encore Haven, LLC ("Encore"), respectfully moves this Court to set aside the entry of default in this case. Per the docket, Encore's answer in this matter was due on or before March 19, 2025. A court may set aside a party's default for good cause.[1] Fed.R.Civ.P. 55(c). Relevant factors to consider in determining whether good cause exists include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts may also consider whether the public interest is implicated; whether there was a significant financial loss to the financial party; and whether the defendant acted promptly to cure the default. *Id.* The Eleventh Circuit has noted that Courts should favor a strong policy of deciding cases on their merits. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Here, the relevant factors favor setting aside the entry of default. First, Defendant Encore expects to present a meritorious defense to the sole claim asserted against it—an alleged violation

---

[1] Although there is not any clerk's entry of default in this matter, it is Defendant's understanding that it must still file a motion to set aside default given that the time for filing an answer has run.

of the Georgia Fair Business Practices Act. As noted in the complaint, Plaintiff Ollie Wood ("Wood") rented a home from Encore, and Encore filed a dispossessory proceeding against her due to nonpayment of rent. The parties agreed to a consent judgment to resolve the amount of rent. Encore later charged Plaintiff for damage caused to the property, and retained Wood's security deposit to offset a portion of those damages. Eventually Encore sold this account over to codefendant Professional Debt Mediation, Inc.

Wood's argument is that the amount of the debt is inaccurate because Encore was not allowed to assess charges for property damage after entering into a consent judgment in the dispossessory action. By its terms, however, the consent judgment only covers the payment of past due rent and possession of the premises. (*See* ECF Doc. 1, Complaint, Exhibit B). Wood has not identified any provision in state law or in the consent judgment to show that Encore could not charge her for the damage that she caused to the rental property. Encore will be able defend against Plaintiff's claim by showing the Court that the amounts charged for past due rent are consistent with the parties' consent judgment, and that nothing in the judgment precluded Encore from seeking to recover property damages from Plaintiff. Thus, Encore has a meritorious defense to Wood's claim.

The other factors outlined by the Eleventh Circuit also weigh in favor of vacating the entry of default. *See Compania Interamericana Export-Import, S.A.,* 88 F.3d at 951. Encore's failure to file an answer at an earlier date was not willful or culpable. Encore attempted to engage counsel in this matter but did not secure our involvement until after the deadline for answering the complaint had run. Notably, Wood has not filed for entry of a default or moved for a default judgment, and would not suffer any prejudice by allowing Encore to defend this action. Finally,

the strong policy of deciding cases on their merits weighs in favor of allowing Encore to file an answer. *See Fla. Physician's Ins. Co.*, 8 F.3d at 783.

Encore respectfully asks this Court to grant this motion and to allow Encore to file the attached Answer to Wood's complaint.

Respectfully Submitted this 6th Day of June, 2025,

                                                *s/ Frank E. Budde*
                                                Frank E. Budde
                                                Georgia Bar No. 139511
                                                Attorney for Defendant Encore Haven, LLC

Coulter & Sierra, LLC
1770 Indian Trail Road, Suite 300
Norcross, Georgia 30093
(404) 554-2071
feb@coultersierra.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| OLLIE WOOD, | ) |
| | ) |
|       Plaintiff | ) |
| v. | ) |
| | ) |
| PROFESSIONAL DEBT MEDIATION, INC. | ) Case No. 1:25-cv-00908-MHC-JEM |
| and ENCORE HAVEN, LLC, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**Certificate of Service**

I certify that I have filed the attached Motion to Set Aside Default via the CM/ECF electronic filing system, which will provide electronic notice to counsel for the Defendant:

Shimson Wexler, Esq.
S. Wexler, LLC
2244 Henderson Mill Rd., Ste. 108
Atlanta, Georgia 30345

This 6th day of June, 2025.

                                                                     *s/ Frank E. Budde*
                                                                       Frank E. Budde
                                                                       Georgia Bar No. 139511
                                                                       Attorney for Defendant Encore Haven, LLC

Coulter & Sierra, LLC
1770 Indian Trail Road, Suite 300
Norcross, Georgia 30093
(404) 554-2071